UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARA LANE,<br><br>Plaintiff,<br><br>-against-<br><br>KLICK USA INC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff **CARA LANE** ("Plaintiff" or "Ms. Lane"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendant **KLICK USA INC.** ("Defendant"), as follows:

## NATURE OF THIS ACTION

1. This is an action for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL").

2. Plaintiff seeks damages to redress the losses she suffered as a result of Defendant's retaliation against her after she opposed unlawful pregnancy discrimination directed at one of her direct reports, refused to falsify that employee's performance documentation, and refused to participate in Defendant's discriminatory conduct.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) based on Plaintiff's Title VII claim.

4. This Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to Plaintiff's federal claim

that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

### *Plaintiff*

6. Plaintiff Cara Lane is a resident of the State of New York.

7. Plaintiff was employed by Defendant as Vice President, Group Director, Strategy from on or about September 3, 2024 to November 6, 2025.

8. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII, the NYSHRL, and the NYCHRL, and was engaged in protected activity as described herein.

### *Defendant*

9. Upon information and belief, Defendant Klick USA Inc. is a corporation authorized to do business in the State of New York, with a principal place of business at 240 West 40th Street, 12th Floor, New York, New York 10018.

10. Upon information and belief, at all relevant times, Defendant employed fifteen (15) or more employees and is an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

11. At all relevant times, Jamie Lutzky (Executive Vice President of Strategy) and Keri Hettel (Senior Vice President of Strategy) were managerial employees and agents of Defendant, acting within the scope of their employment and with authority over promotion, compensation, and performance-evaluation decisions affecting Plaintiff and her direct reports, including Fontane

Choi. Defendant is liable for their conduct described herein under the doctrine of respondeat superior and/or as their principal.

## FACTUAL ALLEGATIONS

12. Plaintiff commenced employment with Defendant as Vice President, Group Director, Strategy on September 3, 2024.

13. Throughout her employment, Defendant performed at a high level and was repeatedly relied upon to manage, mentor, and develop strategists.

14. Plaintiff maintained outstanding relationships with her direct reports and earned strong feedback from colleagues. No performance review, warning, counseling, or improvement plan was ever issued to her, formally or informally, during her employment.

15. Plaintiff's direct manager, SVP Strategy Tim Ryan, had no prior experience managing people, and by contrast, Ms. Lane had nearly a decade of people-management experience and quickly became a stabilizing force within an unsettled department.

16. Beginning in early 2025, Plaintiff and Mr. Ryan both strongly advocated for the promotion of one of Plaintiff's direct reports, Fontane Choi, Associate Director, Strategy, who had previously requested advancement.

17. Plaintiff and Mr. Ryan gathered work examples, documented positive feedback, and presented this information to EVP Brian Kaiser, who agreed that Ms. Choi was deserving of promotion. For various reasons, consideration of Ms. Choi's promotion was delayed by several months.

18. On August 13, 2025, Ms. Choi disclosed her pregnancy and her intention to take a twelve (12)-month maternity leave beginning in late October or early November 2025. Plaintiff

immediately notified Mr. Ryan, expressing concern given leadership's months-long delay in addressing Ms. Choi's promotion.

19. While Plaintiff was on pre-scheduled leave from August 17 to August 25, 2025, Mr. Ryan disclosed Ms. Choi's pregnancy to VP Strategy Colleen Luby, who then disclosed it to EVP Strategy Jamie Lutzky, before Ms. Choi had the opportunity to share the news with her own teams.

20. Upon Plaintiff's return, leadership's conduct toward Ms. Choi's promotion shifted dramatically. Ms. Lutzky suggested that Ms. Choi cancel a leadership conversation because she was pregnant, and when Plaintiff asked whether canceling would harm Ms. Choi's chances of promotion, Ms. Lutzky insisted there would be "no detriment."

21. Notwithstanding that assurance, in meetings Ms. Lutzky stated, among other things: "we can't promote someone who is about to be on leave for a year"; "promotions are 20% what you've done and 80% what you're going to do"; and "if she leaves for a year, she isn't contributing."

22. Ms. Lutzky pressured Plaintiff to tell Ms. Choi to cancel her leadership meeting and to insert negative feedback into Ms. Choi's performance review, notwithstanding months of Plaintiff's documented advocacy for Ms. Choi's promotion.

23. Plaintiff refused to participate in this discriminatory conduct, complained to Mr. Ryan about it, and emphasized that Ms. Choi had complied with maternity-leave notice requirements under both U.S. and Canadian law. She continued to advocate for Ms. Choi.

24. Despite Ms. Choi successfully completing the leadership conversation, senior leadership confirmed that maternity leave was the basis for denying her promotion. SVP Strategy Keri Hettel explicitly cited Ms. Choi's pregnancy and upcoming leave as a reason to deny the

promotion and a compensation increase, stating: “maybe when she comes back. If she comes back.”

25. Given Ms. Hettel’s comments, together with Ms. Lutzky’s earlier comments, Defendants’ discriminatory intent toward Ms. Choi was unmistakable, and Plaintiff’s opposition to that discrimination was reasonable and made in good faith.

26. Shortly after Plaintiff opposed the discriminatory treatment of Ms. Choi, leadership’s treatment of Plaintiff abruptly changed. Mr. Ryan began relaying vague, inconsistent, and undocumented criticisms of Plaintiff—none of which had ever been raised previously and none of which were supported by facts.

27. Mr. Ryan admitted that he did not understand the specifics of the issues he was relaying to Plaintiff and stated, “this isn’t your review.”

28. The sudden emergence of these purported concerns, after nearly a full year of strong, undocumented performance, underscores their pretextual nature and their causal connection to Plaintiff’s protected opposition to Defendant’s discriminatory conduct toward Ms. Choi.

29. On November 6, 2025—just one week after Ms. Choi’s final day before commencing maternity leave, and shortly after Plaintiff’s protected opposition—Defendant abruptly terminated Plaintiff’s employment without cause, citing only vague “business and budget decisions.”

30. This stated reason is false and pretextual. No other layoffs were announced in connection with Plaintiff's termination, and numerous colleagues contacted her expressing shock at her termination and emphasizing the absence of any budgetary concerns.

31. At no point prior to her termination did Defendant document any performance issue or communicate any performance concern to Plaintiff through its normal review process.

32. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered lost wages and benefits, and emotional pain, suffering, mental anguish, humiliation, and harm to her professional reputation.

## FIRST CAUSE OF ACTION

**(Retaliation in Violation of Title VII)**

33. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

34. Plaintiff engaged in protected activity under Title VII by opposing pregnancy discrimination directed at Ms. Choi, advocating for Ms. Choi, refusing to falsify Ms. Choi's performance documentation, and complaining to management about the discriminatory treatment of Ms. Choi.

35. Defendant was aware of Plaintiff's protected activity.

36. Defendant subjected Plaintiff to adverse employment actions, including but not limited to sudden unwarranted criticism and termination of her employment, because of her protected activity.

37. A causal connection exists between Plaintiff's protected activity and the adverse actions taken against her, including the close temporal proximity between her opposition to the discriminatory conduct and her termination.

38. Defendant's stated reason for Plaintiff's termination is pretextual.

39. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered, and continues to suffer, lost wages and benefits, and emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation.

40. Defendant's conduct was willful, and/or in reckless disregard of Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of the NYSHRL)**

47. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

48. Plaintiff engaged in protected activity under the NYSHRL by opposing pregnancy discrimination directed at Ms. Choi, advocating for Ms. Choi, refusing to falsify Ms. Choi's performance documentation, and complaining about the discriminatory treatment of Ms. Choi.

49. Defendant was aware of Plaintiff's protected activity.

50. Defendant, through its managerial employees and agents, subjected Plaintiff to adverse employment actions, including sudden unwarranted criticism and termination of her employment, because of her protected activity.

51. As a direct and proximate result of ’s unlawful retaliation, Plaintiff has suffered, and continues to suffer, lost wages and benefits, and emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation.

## **THIRD CAUSE OF ACTION**

### **(Retaliation in Violation of the NYCHRL)**

52. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

53. Plaintiff engaged in protected activity under the NYCHRL by opposing pregnancy discrimination directed at Ms. Choi, advocating for Ms. Choi, refusing to falsify Ms. Choi’s performance documentation, and complaining about the discriminatory treatment of Ms. Choi.

54. Defendant was aware of Plaintiff’s protected activity.

55. Defendant, through its managerial employees and agents, subjected Plaintiff to conduct reasonably likely to deter a person from engaging in protected activity, including sudden unwarranted criticism and termination of her employment, because of her protected activity.

56. As a direct and proximate result of Plaintiff’s unlawful retaliation, Plaintiff has suffered, and continues to suffer, lost wages and benefits, and emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation.

57. Defendant’s conduct was willful, wanton, and/or undertaken with conscious disregard of Plaintiff’s rights, entitling Plaintiff to punitive damages under the NYCHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant awarding:

A. Back pay and lost benefits;

B. Front pay;

C. Compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to reputation;

D. Punitive damages;

E. Pre-judgment and post-judgment interest;

F. Plaintiff's reasonable attorneys' fees and costs pursuant to Title VII, the NYSHRL, and the NYCHRL; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
August 17, 2026

Respectfully submitted,

By: /s
______________________________

Liane Fisher, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Attorneys for Plaintiff